# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>13th       **JUDICIAL DISTRICT**<br>         **JUDICIAL CIRCUIT**<br>         **COUNTY PROBATE** | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>2018-3503-CD |

**Court address**
328 Washington Street, Suite 300, Traverse City, MI 49684         231-922-4701        **Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s).<br>JEANNE SEAMAN, an individual,<br>c/o 322 W. Lincoln Ave., Suite 300<br>Royal Oak, MI 48067<br>(248) 723-5500 | v | Defendant's name(s), address(es), and telephone no(s).<br>COMMUNITY NEWSPAPER GROUP, LLC,<br>a Delaware limited liability company<br>Resident Agent: The Corporation Company<br>40600 Ann Arbor Road E., Ste 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Lisa Okasinski (P78470)<br>322 W. Lincoln Ave., Suite 300<br>Royal Oak, MI 48067<br>(248) 723-5500 | | |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>7-13-18 | This summons expires<br>10-11-18 | Court clerk<br>*Jaun McDermyth Deputy* |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
- ☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
- ☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
- ☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
- ☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Traverse City, Michigan | Defendant(s) residence (include city, township, or village)<br>Doing business in the State of Michigan |
|---|---|
| Place where action arose or business conducted<br>Traverse City, Michigan | |

| Date<br>7/10/2018 | Signature of attorney/plaintiff    (P78470) |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (6/17)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11). MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

**PROOF OF SERVICE**

**SUMMONS AND COMPLAINT**
Case No. 2018-        -CD

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date
of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to
complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
                 List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s)
and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | | $ | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE GRAND TRAVERSE COUNTY CIRCUIT COURT

JEANNE SEAMAN,
an individual,

      Plaintiff,

v.

CNHI, LLC
a Delaware limited liability company,

and

COMMUNITY NEWSPAPER GROUP, LLC
a Delaware limited liability company,

      Defendants.

Case No. 2018 - 34503-CD
Hon.

**Copy of document filed
13th Circuit Court
Grand Traverse County
7-13-18**

_____/

| | |
|---|---|
| DEMOREST LAW FIRM PLLC | DEMOREST LAW FIRM PLLC |
| LISA M. OKASINSKI (P78470) | MICHAEL K. HAYES (P75419) |
| Attorneys for Plaintiff | Co-Counsel for Plaintiff |
| 322 West Lincoln Avenue | 140 Paluster St. |
| Royal Oak, MI 48067 | Cadillac, MI 49601 |
| 248-723-5500 | (231) 920-1999 |
| 248-723-5588 (fax) | mike@demolaw.com |
| lisa@demolaw.com | |

_____/

## VERIFIED COMPLAINT AND JURY DEMAND

      There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence as alleged in the complaint.

      Plaintiff, Jeanne Seaman, ("Plaintiff"), by and through her attorneys, Demorest Law Firm, PLLC, and for her Complaint against Defendants, CNHI, LLC and Community Newspaper Group, LLC, (collectively, "Defendants") states as follows:

## PARTIES

1.     Plaintiff, Jeanne Seaman, is an individual that resides in Michigan.

1

2.      Defendant Community Newspaper Group, LLC is a foreign limited liability company organized under the laws of the state of Delaware and registered to conduct business in Michigan.

3.      Defendant Community Newspaper Group, LLC operates in Michigan under the assumed name of The Traverse City Record-Eagle.

4.      Defendant CNHI, LLC is a Delaware limited liability company and does not appear to be registered to conduct business in Michigan.

## JURISDICTION AND VENUE

5.      Plaintiff alleges violations of the Family and Medical Leave Act, 29 USC §2601, *et seq.* ("FMLA").

6.      This Court has subject-matter jurisdiction of Plaintiff's FMLA claim under 29 USC §2617(a)(2).

7.      This Court has jurisdiction of this matter because the amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney's fees.

8.      Venue is proper in this Court because the violations of the FMLA, as alleged herein, occurred in the County of Grand Traverse, State of Michigan.

## FACTUAL ALLEGATIONS

9.      On June 1, 2016, Defendants hired Plaintiff as an office manager for the Traverse City Record-Eagle.

10.     For nearly two years, Plaintiff was an exemplary employee of Defendants.

11.     During her employment, Plaintiff was not in any way warned or disciplined by Defendants.

12.     In or around the beginning of May 2018, Plaintiff's elderly mother broke her hip.

13.     In or around the beginning of May 2018, Plaintiff notified her supervisor, Paul Heidbreder ("Heidbreder"), by email that she may need to take time off from work under the FMLA to care for her mother.

14.     Heidbreder did not respond to Plaintiff's email.

15.     Plaintiff later followed up regarding her request for FMLA leave in a phone call to Heidbreder.  Heidbreder was noticeably irritated by Plaintiff's request to take FMLA leave.

16.     Plaintiff sent an email to the Defendant's human resources department requesting to take FMLA leave and requesting necessary paperwork.

17.     Defendant sent Plaintiff FMLA forms to fill out.  However, before Plaintiff had an opportunity to complete the paperwork, Defendant abruptly terminated her employment, without any prior warning.

18.     On May 18, 2018, Defendants presented Plaintiff with a termination letter stating that her employment was terminated immediately.  The May 18, 2018 letter does not provide any reason for termination of Plaintiff's employment.

19.     Plaintiff was terminated by Defendants because she requested FMLA leave.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 USC §2601, *et seq.*

20.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 19, inclusive.

3

21.    Plaintiff qualifies as an eligible employee under the FMLA, and the regulations promulgated thereunder.

22.    Plaintiff was qualified for FMLA leave under 29 USC §2611 and 29 USC §2612.

23.    Plaintiff provided Defendant with adequate, timely and sufficient notice of the circumstances of her need for leave.

24.    Notwithstanding the above, Defendant engaged in conduct prohibited under the FMLA, and the regulations promulgated thereunder, including but not limited to:

    a.    Improperly terminating Plaintiff's employment in violation of the FMLA;

    b.    Improperly failing to timely, adequately and appropriately comply with the regulations promulgated under the FMLA;

    c.    Improperly and unlawfully interfering with Plaintiff's rights under the FMLA;

    d.    Improperly and unlawfully retaliating against Plaintiff for exercising her rights and protection under the FMLA and the regulations promulgated thereunder; and

    e.    Willfully, intentionally, and purposely violating Plaintiff's rights under the FMLA, and otherwise engaging in bad faith violations of the FMLA, as well as violating the requirements of the FMLA without reasonable grounds.

25.    As a direct and proximate result of Defendant's violations of the FMLA and the regulations promulgated thereunder, Plaintiff has incurred damages available at law, both past, present, and into the future, specifically including all damages set forth in 29 USC §2617, including but not limited to lost wages, lost overtime wages, lost salary, loss of employment benefits, loss of other compensation denied and lost, any resulting medical expenses, interest, costs of litigation, attorney fees and liquidated damages equal

to the sum set forth in 29 USC §2617.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future.

WHEREFORE, Plaintiff requests the Court to enter Judgment against Defendant for all compensatory damages, liquidated, and exemplary damages, available at law, together with costs, interest, and attorney's fees.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to issues relative to this matter.

Respectfully submitted,

**DEMOREST LAW FIRM, PLLC**

By: _____
Lisa M. Okasinski (P78470)
Attorneys for Plaintiff
322 W. Lincoln Ave.
Royal Oak, MI 48067
(248) 723-5500
lisa@demolaw.com

**DEMOREST LAW FIRM PLLC**
MICHAEL K. HAYES (P75419)
Co-Counsel for Plaintiff
140 Paluster St.
Cadillac, MI 49601
(231) 920-1999
mike@demolaw.com

Dated: July 10, 2018

<u>VERIFICATION</u>

Under the penalty of perjury, I declare that the above statements are true to the best of my knowledge, information, and belief.

_Jeanne Seaman_

Jeanne Seaman

Seaman, Jeanne/CNHI, Inc/I DRAFT Pleadings/2018 07 09 Complaint.docx

6

STATE OF MICHIGAN
IN THE GRAND TRAVERSE COUNTY CIRCUIT COURT

JEANNE SEAMAN,
an individual,

        Plaintiff,                          Case No. 2018 - 34503 -CD
                                            Hon.

v.

CNHI, LLC
a Delaware limited liability company,

and

                                                  **Copy of document filed
                                                       13th Circuit Court
                                                  Grand Traverse County
                                                       7-13-18**

COMMUNITY NEWSPAPER GROUP, LLC
a Delaware limited liability company,

        Defendants.

_____/

| | |
|---|---|
| DEMOREST LAW FIRM PLLC | DEMOREST LAW FIRM PLLC |
| LISA M. OKASINSKI (P78470) | MICHAEL K. HAYES (P75419) |
| Attorneys for Plaintiff | Co-Counsel for Plaintiff |
| 322 West Lincoln Avenue | 140 Paluster St. |
| Royal Oak, MI 48067 | Cadillac, MI 49601 |
| 248-723-5500 | (231) 920-1999 |
| 248-723-5588 (fax) | mike@demolaw.com |
| lisa@demolaw.com | |

_____/

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
ADMISSION TO COMMUNITY NEWSPAPER GROUP, LLC**

      Pursuant to MCR 2.302 and 2.312, Plaintiff Jeanne Seaman ("Plaintiff" or

"Seaman"), through her attorneys, Demorest Law Firm, PLLC, requests that Defendant

Community Newspaper Group, LLC ("Defendant") answer fully, in writing and under oath,

each of the following requests for admissions and to serve its answers upon Plaintiff's

counsel within forty-two (42) days of the date of service of the Summons and Complaint.

1

## REQUESTS FOR ADMISSION

### Request for Admission #1

Admit that Plaintiff was employed by Defendant from June 1, 2016 to May 18, 2018.

### Answer:


### Request for Admission #2

Admit that Plaintiff notified Defendant that she needed to take time off under the Family

Medical Leave Act in or around May 2018.

### Answer:


### Request for Admission #3

Admit that Plaintiff's employment was terminated by Defendant because she requested

time off from work under the Family Medical Leave Act.

### Answer:


### Request for Admission #4

Admit that Plaintiff was a good employee.

### Answer:

2

**Request for Admission #5**

Admit that Plaintiff was never written up or reprimanded by Defendant because of her work.

**Answer:**


**Request for Admission #6**

Admit that Defendant did not terminate Plaintiff's employment because of any job performance issues related to Plaintiff.

**Answer:**


Respectfully submitted,

**DEMOREST LAW FIRM, PLLC**

By:
Lisa M. Okasinski (P78470)
Attorneys for Plaintiff
322 W. Lincoln Ave.
Royal Oak, MI 48067
(248) 723-5500
lisa@demolaw.com

**DEMOREST LAW FIRM PLLC**
MICHAEL K. HAYES (P75419)
Co-Counsel for Plaintiff
140 Paluster St.
Cadillac, MI 49601
(231) 920-1999
mike@demolaw.com

Dated: July 10, 2018

Seaman, Jeanne/CNHI, Inc/1 DRAFT Pleadings/zz 2018 07 09 Requests for Admission.docx

3

STATE OF MICHIGAN
IN THE GRAND TRAVERSE COUNTY CIRCUIT COURT

JEANNE SEAMAN,
an individual,

      Plaintiff,

v.

CNHI, LLC
a Delaware limited liability company,

and

COMMUNITY NEWSPAPER GROUP, LLC
a Delaware limited liability company,

      Defendants.

Case No. 2018 - 34503-CD
Hon.

_____/

| | |
|---|---|
| DEMOREST LAW FIRM PLLC | DEMOREST LAW FIRM PLLC |
| LISA M. OKASINSKI (P78470) | MICHAEL K. HAYES (P75419) |
| Attorneys for Plaintiff | Co-Counsel for Plaintiff |
| 322 West Lincoln Avenue | 140 Paluster St. |
| Royal Oak, MI 48067 | Cadillac, MI 49601 |
| 248-723-5500 | (231) 920-1999 |
| 248-723-5588 (fax) | mike@demolaw.com |
| lisa@demolaw.com | |

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COMMUNITY NEWSPAPER GROUP, LLC

Pursuant to MCR 2.302, 2.309, and 2.310, Plaintiff Jeanne Seaman ("Plaintiff"), through her attorneys, Demorest Law Firm, PLLC, requests that Defendant Community Group Newspaper, LLC ("Defendant") answer fully, in writing and under oath, each of the following interrogatories and requests for production of documents, and to serve its answers and the requested documents upon Plaintiff's counsel within forty-two (42) days after the date of service of the Summons and Complaint.

1

## DEFINITIONS AND INSTRUCTIONS

1.      Defendant is requested to provide all information available to it, including all information in the possession of its attorneys, investigators, and related entities, and all persons acting on its behalf.

2.      "Or" includes "and". Each requires the enumeration of each and every item of information responsive to any part of any interrogatory in which "and" or "or" appears.

3.      "Document" means any kind of textual, numeric or graphic matter, however produced and reproduced, of any kind or description, whether sent or received or neither. It includes, without limitation, letters, correspondence, papers, reports, memoranda, attachments, diaries, calendars, logs, recordings, instructions, lists, minutes of meetings, telegrams, telexes, faxes, messages, summaries, tabulations, statistical analyses, tapes, computer tapes, tape recordings, computer printouts, input or output of computer systems, E-mail and all other informal or formal writings or tangible things on which any handwriting, typing, printing, data or sound is recorded or reproduced, and any and all non-identical copies, translations, drafts of or amendments or supplements to the foregoing, whether prepared by a party or by any other person.

4.      The phrase "referring, related, regarding, or relating to," in addition to other customary and usual meanings means discussing, constituting, mentioning, pertaining to, assessing, recording, concerning, describing, touching upon and/or summarizing.

5.      "Identify", as used here with respect to a document, means to state all of the following information about the document: (1) name or description of document (e.g., letter, memorandum or report); (2) subject matter; (3) date; (4) author; (5) addresses; (6) file number of other identifying mark or code; (7) present or last known location by room,

building, address, city and country; (8) identification of custodian; and (9) any other information necessary to describe the document clearly.

6.  "Identify" as used here with respect to a person, means to state the person's first and last names, home and business address including zip code, and home and business telephone numbers, cell phone number and e-mail address.

7.  If an answer or portion is based upon information and belief, rather than actual knowledge, the answer should so state, and the source upon which such information and belief is based should be specifically described and identified.

8.  If any information responsive to any interrogatory is withheld, describe the nature of the information withheld and state the reason asserted for withholding it.

9.  Defendant is requested to provide, by way of supplementary answers, all information subsequently obtained by it, which will add to or otherwise modify the answers now given to these discovery requests. Defendant is requested to provide counsel for Plaintiff such information within seven days after Defendant obtains it.

10.  If Defendant has any questions about any of these discovery requests, promptly telephone counsel for Plaintiff for clarification.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### Interrogatory #1

Identify all persons who participated in the preparation of Defendant's answers to these discovery requests.

### Answer:

3

**Interrogatory #2**

If a person participated in the preparation of Defendant's answers to less than all of these discovery requests, please identify the discovery requests that such person participated in answering.

**Answer:**

**Interrogatory #3**

If your answer to Request for Admission #1 is anything other than an unqualified admission, state the factual basis for your response to that Request for Admission.

**Answer:**

**Interrogatory #4**

If your answer to Request for Admission #2 is anything other than an unqualified admission, state the factual basis for your response to that Request for Admission.

**Answer:**

4

**Interrogatory #5**

If your answer to Request for Admission #3 is anything other than an unqualified admission, state the factual basis for your response to that Request for Admission.

**Answer:**

**Interrogatory #6**

If your answer to Request for Admission #4 is anything other than an unqualified admission, state the factual basis for your response to that Request for Admission.

**Answer:**

**Interrogatory #7**

If your answer to Request for Admission #5 is anything other than an unqualified admission, state the factual basis for your response to that Request for Admission.

**Answer:**

**Interrogatory #8**

If your answer to Request for Admission #6 is anything other than an unqualified admission, state the factual basis for your response to that Request for Admission.

**Answer:**

**Interrogatory #9**

Provide **ALL** of the reasons for Defendant's decision to terminate Plaintiff's employment.

**Answer:**

**Interrogatory #10**

Provide the names and positions of each person that participated in the decision to terminate Plaintiff's employment.

**Answer:**

6

**Interrogatory #11**

Provide the name of anyone that has been hired or assigned to the office manager position that previously belonged to Plaintiff since May 18, 2018, or assigned some or all of the duties previously performed by Plaintiff.

**Answer:**

**Interrogatory #12**

State whether or not an office manager position currently exists at the Traverse City Record-Eagle. If not, provide the date that that position was eliminated.

**Answer:**

**Document Request #1**

Produce any and all emails sent from or received by the email address jseaman@record-eagle.com from April 1, 2018 to present.

**Answer:**

**Document Request #2**

Produce all correspondence, emails and other communications between Defendant (including any of Defendant's agents, employees, or representatives) and Plaintiff between April 1, 2018 and present.

**Answer:**

**Document Request #3**

Produce all correspondence, emails and other communications sent or received by Defendant, including any of Defendant's agents, employees, or representatives, between May 1, 2017 and present, regarding eliminating or relocating the office manager position at the Traverse City Record-Eagle.

**Answer:**

**Document Request #4**

Produce any and all documents regarding or related to Plaintiff's request or inquiries regarding FMLA leave to Defendant, including but not limited to any and all emails that were sent by Plaintiff to Nikki Batchellor and/or Paul Heidbreder referencing FMLA or Plaintiff's mother.

**Answer:**

**Document Request #5**

Produce any documents describing the benefits that Plaintiff was entitled to while working for Defendant, including but not limited to, the document entitled "Benefits at a Glance" referenced in Paul Heidbreder's April 25, 2016 letter to Plaintiff.

**Answer:**

**Document Request #6**

Produce all correspondence, emails and other communications between Defendant, including any of Defendant's agents, employees, or representatives, regarding or mentioning Plaintiff between April 1, 2018 and present.

**Answer:**

**Document Request #7**

Produce any organizational charts reflecting the corporate hierarchy or lines of supervision for Defendant as it existed on May 18, 2018.

**Answer:**

**Document Request #8**

Produce all documents concerning, evidencing or related to any lawsuits, arbitration proceedings, and/or administrative investigations, charges, or proceedings brought against Defendant at any time from January 1, 2013 and present contending that Defendant had violated the Family Medical Leave Act.

**Answer:**

**Interrogatory #13**

State whether there is or was in existence any policy of liability insurance which would or might inure to the benefit of the Plaintiff herein, by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiff by reasons described in the Complaint, and if the answer is "yes", state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

      a.     The name and address of the insurer on each such policy;

      b.     The name and address of each named insured on each such policy;

      c.     The relationship, if any, between each named insured on each such policy and Defendant in this cause;

      d.     The policy number of each such policy;

      e.     The name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the events described in the Complaint, and the relationship, if any, between such "additional insured" and Defendant in this cause;

10

f.       The limits of liability in such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

g.      Whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

h.      Whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved, and if the answer is "yes", describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice. NOTE: If such policy defense is withdrawn or waived, this subparagraph need not be answered;

i.      Please state the name and address of the resident agent of each insurance company;

j.      All reinsurance coverage;

k.      All excess insurance coverage;

l.      The name and address of the insurer(s);

m.      The number of the policy(ies);

n.      The form of insurance;

o.      The effective dates of coverage;

p.      The amount(s) of coverage;

q.      The name and address of the named insured(s); and

r.      The name, address and telephone number of the person or entity that has possession of the policy(ies) and the reinsurance or excess insurance clauses.

**<u>Answer:</u>**

**<u>Interrogatory #14</u>**

Identify each person that Defendant may call as an expert witness in this matter, and with respect to each such expert, state the following:

        a.     State specifically the nature of the testimony the expert witness is expected to give at the time of trial; and

        b.     The witnesses' qualifications as an expert.

**<u>ANSWER:</u>**

**<u>Document Request #9</u>**

With respect to each expert witness identified in the answer to the proceeding interrogatory, produce a copy of the expert's resume or curriculum vitae, and produce a copy of all written reports or statements prepared by the expert.

**<u>Answer:</u>**

**Document Request #10**

To the extent that you have not already done so, produce all documents that support, relate to, or bear upon the allegations, claims, or defenses of Defendant, regardless of whether Defendant intends to rely upon any such Document at trial.

**Answer:**

**Interrogatory #15**

Identify each and every person who has knowledge of the facts of this case, and describe in detail the facts of which each such person has knowledge.

**Answer:**

**Interrogatory #16**

Identify each and every person that Defendant may call as a fact witness in this matter, and with respect to each such witness, state the following:

      a.      State specifically the nature of the testimony the witness is expected to give at the time of trial; and

      b.      The witnesses' name, address, and telephone number.

**Answer:**

**Interrogatory #17**

Identify all Documents that Defendant refuses to produce because of an alleged work product or attorney-client privilege. For each such Document, identify the person who generated the Document, the person to whom such document was addressed, any person who received a copy of the Document, provide a general description of the Document, and state the basis for Defendant's refusal to produce the Document.

**Answer:**

**Interrogatory #18**

State whether Defendant, or any other person acting at the direction of Defendant, has at any time destroyed or disposed of any Document(s) that would have been required to be produced to the Plaintiff under any of these discovery requests. If the answer to this interrogatory is in the affirmative, for each Document destroyed or disposed of, identify the Document, and identify the person who ordered the destruction or disposal of the Document.

**Answer:**

**DEMOREST LAW FIRM, PLLC**


_____
Lisa M. Okasinski (P78470)
Attorneys for Plaintiff
322 W. Lincoln Ave.
Royal Oak, MI 48067
(248) 723-5500
lisa@demolaw.com


**DEMOREST LAW FIRM PLLC**
MICHAEL K. HAYES (P75419)
Co-Counsel for Plaintiff
140 Paluster St.
Cadillac, MI 49601
(231) 920-1999
mike@demolaw.com

Dated: July 19, 2018

Seaman, Jeanne/CNHI, Inc/1 DRAFT Pleadings/zz 2018 07 09 Discovery Requests (Community Newspaper).docx

15

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEANNE SEAMAN,
an individual,

|  |  |
|---|---|
| | Case No.: |
| Plaintiff, | Honorable: |
| | |
| v. | Circuit Court for the |
| | County of Grand Traverse |
| CNHI, LLC, | Case No. 2018-34503-CD |
| a Delaware limited liability company, and | |
| COMMUNITY NEWSPAPER GROUP, LLC, a | |
| Delaware limited liability company, | |
| | |
| Defendants. | |

_____/

| | |
|---|---|
| Lisa M. Okasinski (P78470) | Robert J. Muchnick (P62369) |
| DEMOREST LAW FIRM PLLC | Jennifer L. Muse (P81208) |
| Attorneys for Plaintiff | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
| 322 West Lincoln Avenue | Attorneys for Defendants |
| Royal Oak, MI 48067 | 2290 First National Building |
| 248-723-5500 | 660 Woodward Avenue |
| 348-723-5588 (fax) | Detroit, MI 48226-3506 |
| lisa@demolaw.com | (313) 465-7498 |
| | (313) 465-7499 (fax) |
| Michael K. Hayes (P75419) | rmuchnick@honigman.com |
| DEMOREST LAW FIRM PLLC | jmuse@honigman.com |
| Attorneys for Plaintiff | |
| 140 Paluster St. | |
| Cadillac, MI 49601 | |
| 321-920-1999 | |
| mike@demolaw.com | |

_____/

| | |
|---|---|
| TO:    Clerk of the Court | Lisa M. Okasinski (P78470) |
|        Grand Traverse County Circuit Court | Demorest Law Firm PLLC |
|        328 Washington St., Ste. 300 | 322 West Lincoln Avenue |
|        Traverse City, MI 49684 | Royal Oak, MI 48067 |
| | |
| | Michael K. Hayes (P75419) |
| | Demorest Law Firm PLLC |
| | 140 Paluster St. |
| | Cadillac, MI 49601 |

## NOTICE OF REMOVAL TO THE UNITED STATES
## <u>DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN</u>

PLEASE TAKE NOTICE that on August 17, 2018, Defendants CNHI, LLC ("CNHI") and

Community Newspaper Group, LLC ("Community Newspaper") (collectively, "Defendants"), by

their attorneys Honigman Miller Schwartz and Cohn LLP, filed their Notice of Removal Based on

Federal Question Jurisdiction from the Grand Traverse County Circuit Court to the United States

District Court for the Western District of Michigan.  A copy of the Notice of Removal Based on

Federal Question Jurisdiction was filed with the Clerk of the United States District Court for the

Western District of Michigan and is attached as *Exhibit 1*.  The Circuit Court for the County of

Grand Traverse, State of Michigan, may proceed no further unless or until this case is remanded.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Attorneys for Defendants*


By: <u>/s/ Robert J. Muchnick                    /</u>
    Robert J. Muchnick (P62369)
    Jennifer L. Muse (P81208)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7498

Dated:  August 17, 2018

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2018, this *Notice of Removal to the United States District Court for the Western District of Michigan* was electronically filed with the Clerk of the Court using the MI File system, which will send notification of such filing to all attorneys of record at their registered email address, and I served the foregoing document to the following parties via first class U.S. mail:

    Lisa M. Okasinski (P78470)
    DEMOREST LAW FIRM PLLC
    322 West Lincoln Avenue
    Royal Oak, MI 48067
    248-723-5500
    348-723-5588 (fax)
    lisa@demolaw.com

    Michael K. Hayes (P75419)
    DEMOREST LAW FIRM PLLC
    140 Paluster St.
    Cadillac, MI 49601
    321-920-1999
    mike@demolaw.com


                    Respectfully submitted,

                    HONIGMAN MILLER SCHWARTZ AND COHN LLP
                    *Attorneys for Defendants*


                    By: /s/ Jennifer L. Muse                    /
                        Jennifer L. Muse (P81208)
                    2290 First National Building
                    660 Woodward Avenue
                    Detroit, MI 48226-3506
                    (313) 465-7748

Dated:  August 17, 2018

3

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEANNE SEAMAN,
an individual,

                Plaintiff,

v.

CNHI, LLC,
a Delaware limited liability company,

and

COMMUNITY NEWSPAPER GROUP, LLC, a
Delaware limited liability company,

                Defendants.
_____/

Case No.:
Honorable:

Circuit Court for the
County of Grand Traverse
Case No. 2018-34503-CD

Lisa M. Okasinski (P78470)
DEMOREST LAW FIRM PLLC
Attorneys for Plaintiff
322 West Lincoln Avenue
Royal Oak, MI 48067
248-723-5500
348-723-5588 (fax)
lisa@demolaw.com

Michael K. Hayes (P75419)
DEMOREST LAW FIRM PLLC
Attorneys for Plaintiff
140 Paluster St.
Cadillac, MI 49601
321-920-1999
mike@demolaw.com

Robert J. Muchnick (P62369)
Jennifer L. Muse (P81208)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendants
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7498
(313) 465-7499 (fax)
rmuchnick@honigman.com
jmuse@honigman.com
_____/

**DEFENDANTS' NOTICE OF REMOVAL**
**BASED ON FEDERAL QUESTION JURISDICTION**

Defendants CNHI, LLC ("CNHI") and Community Newspaper Group, LLC ("Community

Newspaper") (collectively, "Defendants"), by filing this notice of removal and related papers

pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this action from the Circuit Court for the County of Grand Traverse, State of Michigan, to the United States District Court for the Western District of Michigan. In support of their removal, Defendants state the following:

1.     Plaintiff Jeanne Seaman ("Plaintiff") filed this action in the Circuit Court for the County of Grand Traverse, State of Michigan, Case No. 2018-34503-CD, on July 13, 2018.

2.     On July 24, 2018, Plaintiff served the Summons and Complaint, along with a Frist Set of Requests for Admission to Community Newspaper and a First Set of Interrogatories and Requests for Production of Documents to Community Newspaper, via certified mail on the registered agent for Defendant. Copies of the Summons and Complaint and all other process and pleadings served on Defendants are attached as Exhibit A.

3.     In her one-count Complaint, Plaintiff alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq. See* Ex. A, Plaintiff's Complaint, Count I, ¶¶ 20-25. This Court has subject jurisdiction in this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims under the FMLA.

4.     Plaintiff's claims alleging violations of the FMLA, 29 U.S.C. § 2601 *et seq.*, are removable because a federal question has been raised by Plaintiff's Complaint. 28 U.S.C. §§ 1331, 1441, 1446.

5.     The United States District Court for the Western District of Michigan, Southern Division, is the proper forum for removal because it maintains jurisdiction over the County of Grand Traverse, State of Michigan, where Plaintiff filed her complaint. 28 U.S.C. § 1446(a). Venue is proper in this district and division because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district and division. 28 U.S.C. §§ 1391(b)(2).

2

Therefore, this case is properly removed to the United States District Court for the Western District of Michigan, Southern Division.

      6.     This Notice of Removal is timely filed within 30 days after receipt by the Defendants of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b).  All Defendants have joined in the removal of this action.

      7.     Defendants will promptly file a copy of this notice with the Circuit Court for the County of Grand Traverse, State of Michigan, as required by 28 U.S.C. § 1446(d).  A copy of this notice is also being served on Plaintiff's counsel.

      WHEREFORE, Defendants respectfully file this Notice of Removal for the reasons set forth above.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Attorneys for Defendants*


By: /s/ Robert J. Muchnick                                    /
     Robert J. Muchnick (P62369)
     Jennifer L. Muse (P81208)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7498

Dated:  August 17, 2018

28428330.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2018, a true and correct copy of this ***Notice of Removal***

was sent to the following parties via first class U.S. mail and email:

Lisa M. Okasinski (P78470)
DEMOREST LAW FIRM PLLC
322 West Lincoln Avenue
Royal Oak, MI 48067
248-723-5500
348-723-5588 (fax)
lisa@demolaw.com

Michael K. Hayes (P75419)
DEMOREST LAW FIRM PLLC
140 Paluster St.
Cadillac, MI 49601
321-920-1999
mike@demolaw.com

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Attorneys for Defendants*

By: /s/ Jennifer L. Muse                                         /
    Jennifer L. Muse (P81208)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7748

Dated:  August 17, 2018

4

28428330.2